Kathryn Ross [CSBN 171100]
KATHRYN ROSS LAW
803 Hearst Avenue
Berkeley, Ca 94710
katie@kathrynrosslaw.com
Tel: (510) 210-8898

Attorney for Defendant
Monleto Holly

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>     v.<br><br>MONLETO HOLLY,<br><br>         Defendant(s). | Case Nos.: 23-cr-0145-RS; 14-cr-0238-RS<br><br>**STIPULATION AND ORDER CONTINUING SENTENCING HEARING** |

The above-captioned matter is set on June 25, 2024, before this Honorable Court, for a sentencing hearing. For the reason set forth below, defense counsel requests that the Court reset this matter to August 6, 2024, at 9:30 a.m., to give defense counsel additional time to assess a legal issue related to Mr. Holly's guilty plea to 18 U.S.C. § 922(g), felon in possession of a firearm. While the government disagrees with the defendant's analysis below, the government does not object to a continuance as we await further guidance from the Courts in the cases cited below and is available on that date.

The Ninth Circuit recently held in *United States v. Duarte*, ___ F.4th ___, 2024 WL 2068016 (9th Cir. May 9, 2024), that a person previously convicted of five felonies that it deemed "non-violent" could not constitutionally be convicted of violating § 922(g)(1) for possessing a handgun given the Supreme Court's interpretation and analysis of the Second Amendment in *New York State Rifle & Pistol Ass'n v. Bruen*, 592 U.S. 1 (2022). *Duarte*, 2024 WL 2068016, at *1. Before *Bruen*, the

Ninth Circuit had upheld the constitutionality of § 922(g)(1). *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010). *Duarte*, however, held that the reasoning of *Vongxay* is "clearly irreconcilable" with *Bruen*, "and its holding therefore no longer controls." *Duarte*, 2024 WL 2068016, at *4 (internal quotation marks omitted). Because the Ninth Circuit's prior precedent in *Vongxay* had "foreclosed the argument Duarte now makes," Duarte had good cause not to raise it before his trial. *Id.*, at *3.

Even for prior convictions that may not appear to be "non-violent" in the colloquial sense, the analysis the Supreme Court in *Bruen* and the Ninth Circuit in *Duarte* court used to determine whether a prior conviction disqualified a person from the Second Amendment's protections is historical and complicated. *See Duarte*, 2024 WL 2068016, at *24 ("A more faithful application of *Bruen* requires the Government to proffer Founding-era felony analogues that are 'distinctly similar' to Duarte's underlying offenses and would have been punishable either with execution, with life in prison, or permanent forfeiture of the offender's estate.").

The government has filed a petition for rehearing en banc in *Duarte*, arguing that the opinion was wrongly decided and that the full Ninth Circuit court should reconsider it. The mandate has not issued in *Duarte*, and it thus is "not yet fixed as settled Ninth Circuit law." *United States v. Ruiz*, 935 F.2d 1033, 1037 (9th Cir. 1991); *accord NRDC v. Cnty of L.A.*, 725 F.3d 1194, 1203 (9th Cir. 2013); *see Carver v. Lehman*, 558 F.3d 869, 878 n.16 (9th Cir. 2009) ("no expectation of finality can attach during the period in which either party may petition for rehearing" (internal citations omitted)). The Ninth Circuit already has ordered a response to the government's petition, and it usually will decide whether or not to hear a case en banc within five weeks of the petition. 9th Cir. Advisory Committee Note to Rules 35-1 to 35-3(2).

In addition, the Supreme Court will be deciding another gun case, probably by early July, that likely will affect the precedential value and scope of *Duarte*. That case, *United States v. Rahimi*, argued in November 2023, will decide whether a different § 922(g) offense, prohibiting possession of firearms by people subject to domestic-violence restraining orders, violates the Second Amendment. The Supreme Court also is holding petitions for writ of certiorari in cases raising Second Amendment challenges to other § 922(g) offenses, including *Garland v. Range* (§ 922(g)(1) as applied to people

with some non-violent offenses) and *United States v. Daniels* (§ 922(g)(3) as applied to people who use unlawful substances (marijuana)). Depending on how the Supreme Court decides *Rahimi*, it may either send these other cases back to the lower courts or it may decide to hear one or both of these cases directly. Because of these pending Supreme Court cases and the en banc petition in *Duarte*, there likely will be at least a few months of uncertainty about what the Second Amendment means for people charged with and convicted of § 922(g)(1) offenses, like Mr. Holly.

Allowing Mr. Holly's case to proceed to sentencing in light of the uncertainty surrounding the constitutionality of § 922(g)(1) as applied to him could lead this Court to "wast[e] judicial resources." *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009). Because of this new Ninth Circuit decision and the uncertain state of the law, the defense asked the government for additional time to assess *Duarte* and to review a Second Amendment challenge in the context of the Supreme Court's *Rahimi* decision, which the parties anticipate will be decided before the Court recesses for the summer. Once *Rahimi* is decided, counsel for Mr. Holly hopes to be in a better position to advise her client on how he should proceed with his guilty plea in this matter. The government does not oppose this request for a continuance. Additionally, the parties conferred with the probation officer assigned to this case, who is available on the requested date.

For these reasons, defense counsel requests, and the government does not object to a request that the Court continue the June 25, 2024 sentencing date and reset this matter to August 6, 2024, at 9:30 a.m. for sentencing.

IT IS SO STIPULATED.

DATED: May 31, 2024

ISMAIL RAMSEY
United States Attorney

\_\_\_/s/_____
KELSEY DAVIDSON
Assistant United States Attorney


\_\_\_/s/_____
KATHRYN ROSS
Attorney for Mr. Holly

**ORDER**

Based on the reasons provided in the stipulation of the parties above, and for good cause shown, the sentencing hearing in the above-captioned matter is continued from June 25, 2024 to August 6, 2024 at 9:30 a.m.

IT IS SO ORDERED.

Dated:    5/31/2024

_____
HON. RICHARD SEEBORG
United States District Judge