ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-CR-00145-RS |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| MONLETO HOLLY, | Court: Hon. Richard Seeborg<br>Hearing Date: January 21, 2025<br>Hearing Time: 9:30 a.m. |
| Defendant. | |

## I.   INTRODUCTION

The defendant possessed a firearm, despite being prohibited to do so, while he was engaged in a narcotics deal. He then fled from police when they attempted to arrest him. The defendant was also on supervised release at the time. Given the seriousness of the offense, the need to protect the public, the history and characteristics of the defendant, and the need for deterrence, the government respectfully requests that the Court impose a sentence of 57 months' imprisonment, a slight downward variance from the Guidelines, and to three years of supervised release.

## II.   OFFENSE CONDUCT

The government generally agrees with the recitation of the offense conduct in the Presentence Investigation Report (PSR) prepared by the Probation Office. PSR at ¶¶ 5-11. On February 25, 2023, the San Francisco Police Department (SFPD) observed the defendant engage in a street level narcotics transaction. Specifically, SFPD saw a vehicle pull up next to Holly on the street. The defendant approached the window, removed a clear plastic sack with what appeared to be white pills inside, opened the bag, and then handed some of the pulls to the driver.

SFPD approached Holly in order to arrest him, and the defendant fled. Officers caught the defendant and arrested him. The defendant was wearing a blue "Cookies" satchel slung across his chest and underneath my jacket. The defendant was in possession of a privately manufactured firearm marked P80 (also known as a ghost gun) with an extended magazine with twenty-five unfired 9mm cartridges, and a variety of narcotics, including Promethazine, Buprenorphine Naloxone, Oxycodone Hydrochloride, Psilocybin, Duloxetine Hydrochloride pills, Alprazolam, methamphetamine, Buprenorphine Hydrochloride pills, and Hydrocodone Bitartrate pills.

## III.   PROCEDURAL HISTORY

On May 10, 2023, the grand jury returned a one-count Indictment against the defendant. Dkt. 1. The defendant was charged with being a Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). On April 2, 2024, the defendant pled guilty to Count One of the Indictment. Dkt 41.

## IV.   SENTENCING GUIDELINES CALCULATIONS

The government agrees with the Probation Office's calculations of the Sentencing Guidelines in the PSR. ¶¶ 16-25. Specifically, the government agrees that the Guidelines are calculated as follows:

| **Count Group One** | |
|---|---|
| Base Offense Level – § 2K2.1(a)(3) | 30 |
| Possession in Connection with Another Felony – § 2K2.1(b)(6)(B) | +4 |
| Acceptance of responsibility – § 3E1.1 | -3 |
| **Total Offense Level** | **23** |

The government agrees that the defendant is in Criminal History Category 4, which yields a Guidelines range of 70 to 87 months' imprisonment.

## V. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(A) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose a sentence of 57 months' imprisonment and impose a three-year term of supervised release. Such a sentence would be sufficient,

but not greater than necessary, given the nature and circumstances of the offense and the history and characteristics of the defendant.

First, the nature and circumstances of the offense warrant a significant sentence. Despite knowing that he was a convicted felon and prohibited from possessing a firearm, the defendant had a ghost gun with an extended magazine. He had the gun while engaging in narcotics transactions, which makes a potentially dangerous situation even more so. Additionally, he then fled from SFPD when they tried to arrest him.

Second, the history and characteristics of the defendant warrant a sentence of 57 months. The defendant has six juvenile convictions and five adult convictions, along with nine other arrests, many of which relate to firearms possession and narcotics dealing. He was also on supervised release at the time. The defendant's criminal history shows that he continues to possess firearms despite being prohibited from doing so and continues to deal drugs. His behavior indicates that he has little regard for court orders, and without a substantial sentence, will not change his behaviors.

Given all of this, a significant sentence is necessary to protect the public, ensure adequate deterrence, and reflect the seriousness of the offense. On the other hand, the government recognizes that the defendant has suffered traumatic events in his childhood including abuse, *see* PSR ¶¶ 57-58, which has led to mental health issues, *see id.* at ¶¶ 67-68, and substance abuse problems, *see id.* at ¶¶ 76-77. *See also* Def.'s Sentencing Memo. This information is being raised for the first time and warrants a downward variance. Therefore, a sentence of 57 months is sufficient but not greater than necessary to comply with the purposes set forth in § 3553.

## VII.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of 57 months of imprisonment followed by three years of supervised release.

//
//
//
//
//

UNITED STATES' SENTENCING MEMO            4
3:23-CR-00145-RS

1  DATED: January 14, 2025                                  Respectfully submitted,

2                                                            ISMAIL J. RAMSEY
3                                                            United States Attorney

4
                                                             */s/ Kelsey C. Davidson*
5                                                            KELSEY C. DAVIDSON
                                                             Assistant United States Attorney
6

UNITED STATES' SENTENCING MEMO            5
3:23-CR-00145-RS